UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTINE SNOOK,

        Plaintiff,                         Case No. 14-cv-12302

v                                                               Honorable Thomas L. Ludington

VALLEY OB-GYN CLINIC, P.C.,

        Defendant.

_____/

**ORDER DIRECTING SUPPLEMENTAL BRIEFING AND SCHEDULING HEARING**

On June 11, 2014, Plaintiff Christine Snook filed suit against Defendant Valley OB-GYN Clinic, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 and the Michigan Elliott Larsen Civil Rights Act, Mich. Comp. Laws § 37.2201.

On October 29, 2014, the parties filed a Joint Motion to Dismiss and Approve Settlement. The parties represent that they "have reached a settlement and seek court approval." Although court approval is necessary for settlement agreements concerning FLSA claims, "[t]he parties wish for the terms of their settlement to remain confidential" and therefore are agreeable to "submit[ing] the Settlement Agreement to the court at the Motion Hearing for an in camera review . . . ."

Although the parties wish for the settlement terms to remain confidential, this court's business is of public record. *See Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983) (noting the "long-established legal tradition" of open access to court documents). As the Court of Appeals explained in *In re Knoxville News-Sentinel Co., Inc.*, 723

F.2d 470 (6th Cir. 1983), there is a "presumptive right" of public access to court records which permits inspection and copying:

> The recognition of this right of access goes back to the Nineteenth Century, when, in *Ex Parte Drawbraugh*, 2 App.D.C. 404 (1894), the D.C. Circuit stated: "Any attempt to maintain secrecy, as to the records of this court, would seem to be inconsistent with the common understanding of what belongs to a public court of record, to which all persons have the right of access."

*Id.* at 474 (citations omitted).

Despite this presumptive right of public access, trial courts have the discretion to seal their records "when interests of privacy outweigh the public's right to know." *Knoxville News-Sentinel*, 723 F.2d at 474. To have confidential information in a court record kept under seal, the movant must make a specific showing that disclosure of information would result in some sort of serious competitive or financial harm. *Tinman v. Blue Cross & Blue Shield of Michigan*, 176 F. Supp. 2d 743 (E.D. Mich. 2001); *see also* Eastern District of Michigan Local Rule 5.3.

Here, the parties have not provided an explanation for keeping the settlement agreement's terms confidential. *See Bouzzi v. F & J Pine Rest., LLC*, 841 F. Supp. 2d 635, 639 (E.D.N.Y. 2012) ("a judicially approved FLSA settlement agreement should not be filed under seal, except in the very limited circumstance where parties can make a substantial showing that their need to seal the agreement outweighs the strong presumption of public access that attaches to such judicial documents."). Therefore, the parties will be directed to file supplemental briefing explaining why the "interests of privacy outweigh the public's right to know" in this matter. The supplemental briefing should also address, of course, the requirements in E.D. L.R. 5.3, which governs the procedure for filing items under seal.

Accordingly, it is **ORDERED** that a hearing on the parties' Joint Motion to Dismiss and Approve Settlement (ECF No. 16) is set for **January 8, 2015 at 3:30 p.m.**

It is further **ORDERED** that the parties are **DIRECTED** to file—either jointly or independently—supplemental briefing providing an explanation for keeping the settlement agreement's terms confidential on or before **November 21, 2014.**

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: October 31, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 31, 2014.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---