UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTINE SNOOK,

        Plaintiff,                          Case No. 14-cv-12302

v                                                 Honorable Thomas L. Ludington

VALLEY OB-GYN CLINIC, P.C.,

        Defendant.

_____/

**ORDER DIRECTING PARTIES TO FILE PROPOSED
SETTLEMENT AGREEMENT ON THE DOCKET**

On June 11, 2014, Plaintiff Christine Snook filed suit against Defendant Valley OB-GYN Clinic, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 and the Michigan Elliott Larsen Civil Rights Act, Mich. Comp. Laws § 37.2201.

On October 29, 2014, the parties filed a Joint Motion to Dismiss and Approve Settlement. The parties represent that they "have reached a settlement and seek court approval." Although court approval is necessary for settlement agreements concerning FLSA claims, "[t]he parties wish for the terms of their settlement to remain confidential" and therefore are agreeable to "submit[ing] the Settlement Agreement to the court at the Motion Hearing for an in camera review . . . ."

**I**

Because this is a court of public record, the parties were directed to file supplemental briefing explaining why the parties' settlement agreement should remain confidential. In their supplemental brief, the parties emphatically indicate that are "*not* ask[ing] this court to seal any proceedings. . . . [and] are not requesting any limitation on the public's access to judicial

records." Supp. Br. at 2. Instead, the parties seek permission to "generally describe the terms of the settlement agreements on the record" so that the Court may determine whether these terms are fair and reasonable. *Id*. The parties rely on *Arrington v. Mich. Bell Telephone*, 10-cv-10975, a case in which the district judge did not require the settlement agreement to be filed on the docket.

## II

"Under the FLSA, an employer who violates the requirement that overtime wages be paid must pay both the unpaid overtime compensation and an additional equal amount as liquidated damages." *Wolisnky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citing 29 U.S.C. § 216(b)). "The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement." *Bartlow v. Grand Crowne Resorts of Pigeon Forge*, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)). One such exception involves cases "in which federal district courts approve settlement of suits brought in federal district courts pursuant to Section 16(b) of the FLSA." *Id*. (citing *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.

*Lynn's Food Stores*, 679 F.2d at 1354. In reviewing a proposed FLSA settlement, "a court must scrutinize the proposed settlement for fairness, and determine whether the settlement is a 'fair

and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Bartlow*, 2012 WL 6707008, at *1 (quoting *Lynn's Food Stores*, 679 F.2d at 1355).

Courts should consider the following factors in determining whether a proposed FLSA settlement is fair and reasonable: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *Dees*, 706 F. Supp. 2d at 1241 (quoting *Pessoa v. Countrywide Home Loans, Inc.*, 2007 WL 1017577, at *3 (M.D.Fla. Apr. 2, 2007)). While the above-listed factors "provide a general framework for evaluating an FLSA compromise . . . the history and policy of the FLSA require several additional considerations." *Id*.

## A

One additional consideration of which courts must remain cognizant in FLSA settlement proposals is confidentiality. "Under the common law right to access, a presumption of public access attaches to any 'judicial document,' defined as a document 'relevant to the performance of the judicial function and useful in the judicial process.'" *Wolinsky*, 900 F. Supp. 2d at 337 (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). "An agreement settling an FLSA claim that is submitted for court approval is indisputably . . . a 'judicial document' subject to the presumption of access." *Id*.

Some federal courts have held that confidentiality provisions in FLSA settlement agreements per se contravene the FLSA's objective of transparency. *See, e.g., Dees*, 706 F. Supp. 2d at 1242 ("A confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to

notify employees of their FLSA rights."); *Galvez v. Americlean Servs. Corp.*, 2012 WL 1715689, at *4 (E.D. Va. May 15, 2012).

Most courts, however, have scrutinized confidentiality provisions in FLSA settlement agreements by balancing the interests of the parties in keeping the terms of the agreement secret against the presumption of public access to court documents. *See, e.g.*, *Alewel v. Dex One Serv., Inc.*, 2013 WL 6858504, at *5 (D. Kan. Dec. 30, 2013) ("The court agrees with other courts in finding that the public's interest outweighs the parties' interest in keeping confidential the amount of settlement."); *Crabtree v. Volkert, Inc.*, 2013 WL 593500, at *4 (S.D. Ala. Feb. 14, 2013) ("[A]ll but the most doctrinaire opinions on the subject acknowledge that there may be circumstances where confidentiality provisions may be appropriate and should be accepted."); *Wolinsky*, 900 F. Supp. 2d at 340 ("[T]he Court concludes that there is no basis to keep the Agreement out of the public record."); *Hens v. Clientologic Operating Corp.*, 2010 WL 4340919, at *3 (W.D.N.Y. Nov. 2, 2010) ("This Court recognizes . . . that it must balance the strong presumption of public access against any interests favoring nondisclosure."); *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) ("A court faced with a request to seal judicial documents should weigh the interests protected by the presumption of openness, namely judicial transparency (especially in FLSA cases) and the first-amendment values of freedom of speech and of the press, against the parties' interest in secrecy.").

In its October 31, 2014 Order, this Court adopted the approach of the latter courts and provided the parties an opportunity to explain why the need to keep the terms of their settlement agreement confidential outweighs the strong presumption of public access that attaches to such judicial documents. *See Bouzzi v. F & J Pine Rest., LLC*, 841 F. Supp. 2d 635, 639 (E.D.N.Y. 2012); *see also Alewel*, 2013 WL 6858504, at *4 ("The burden is on the party seeking to restrict

access to show some significant interest that outweighs the presumption." (quoting *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir.2012) (internal quotation marks omitted))).

**B**

In their response, the only reason the parties provide for keeping the settlement terms confidential is that the "Settlement Agreement . . . requires the Plaintiff not to disclose its terms." Supp. Br. 2. Aside from that brief explanation, the parties provide no other justification.

Generally, courts have "roundly rejected" the argument that confidentiality provisions in settlement agreements are a sufficient interest to overcome the presumption of public access. *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 648 (S.D.N.Y. 2011); *Scott v. Memory Co., LLC*, 2010 WL 4683621, at *2 (M.D. Ala. Nov. 10, 2010) ("The fact that the settlement agreement contains a confidentiality provision is an insufficient interest to overcome the presumption that an approved FLSA settlement agreement is a judicial record, open to the public.") (quoting *Prater v. Commerce Equities Mgmt. Co., Inc.*, 2008 WL 5140045, at *10 (S. D. Tex. Dec. 8, 2008) (internal quotation marks omitted)). "A business's general interest in keeping its legal proceedings private does not overcome the presumption of openness in the circumstances presented in this case." *Salnaker*, 293 F. Supp. 2d at 1264.

Accordingly, the argument that the Settlement Agreement at issue includes a confidentiality provision is insufficient to overcome the presumption of public access. And because the parties have clarified that they do not wish to file the proposed Settlement Agreement under seal, they will be directed to file the proposed Settlement Agreement on the docket.

### C

As noted above, the parties rely on *Arrington v. Mich. Bell Telephone*, a district court case that permitted the parties to keep the terms of an FLSA settlement agreement confidential. The Court declines to follow this authority because it does not address the appropriateness of confidentiality provisions. Instead, the *Arrington* court simply noted that the settlement agreement "contains a confidentiality provision with liquidated damages of $5,000 for each violation," and did not require that the settlement agreement be filed on the docket. *Arrington*, at 3. Indeed, it does not appear that the parties brought the issue to the Court's attention at all. *See Arrington*, Joint Motion for Approval of Settlement, ECF No. 131. Therefore, the Court declines to follow the approach of the *Arrington* court, in light of the extensive case law indicating that it is inappropriate to allow FLSA settlement agreements to remain confidential.

### III

Accordingly, it is **ORDERED** that the parties are **DIRECTED** to file the proposed settlement agreement on the docket on or before **January 7, 2015.**

                                                         s/Thomas L. Ludington
                                                         THOMAS L. LUDINGTON
                                                         United States District Judge

Dated: December 29, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 29, 2014.

                               s/Tracy A. Jacobs
                               TRACY A. JACOBS