UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTINE SNOOK,

        Plaintiff,                    Case No. 14-cv-12302

v                                                  Honorable Thomas L. Ludington

VALLEY OB-GYN CLINIC, P.C.,

        Defendant.

_____/

**ORDER GRANTING JOINT MOTION TO DISMISS, APPROVING PROPOSED SETTLEMENT, AND DISMISSING CASE WITH PREJUDICE**

On June 11, 2014, Plaintiff Christine Snook filed suit against her former employer, Defendant Valley OB-GYN Clinic, P.C. Snook alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 and § 215, violation of the Michigan Elliott Larsen Civil Rights Act, and breach of contract. In particular, Snook claimed that Valley OB-GYN violated the FLSA by failing to pay overtime and by retaliating against her for filing a complaint related to the FLSA.

On October 29, 2014, the parties filed a joint motion to dismiss and approve the settlement. *See* ECF No. 16. Because the proposed settlement agreement is fair and reasonable, the parties' joint motion will be granted.

**I**

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Services, LLC*, 2011 WL 2532922, at *2 (S.D. Ohio Jun. 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). "The proper procedure for

obtaining court approval of the settlement of FLSA claims is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness." *Id*. "If a settlement in an employee FLSA suit reflects 'a reasonable compromise over issues,' such as FLSA coverage or computation of back wages that are 'actually in dispute,' the court may approve the settlement 'in order to promote the policy of encouraging settlement of litigation." *Id*. (citing *Lynn's Food Stores*, 679 F.2d at 1354).

To determine whether a proposed FLSA settlement is fair and reasonable, courts consider:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the settlement.

*Lynn's Food Stores*, 679 F.2d at 1352-53 (citing *Int'l Union, United Auto., Aerospace and Agr. Implement Workers of Am. v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007); *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992)). A district court may choose to consider only the factors that are relevant to the settlement at hand. *Gentrup*, 2011 WL 2532922, at *3. In summary, district courts must evaluate FLSA settlements for fairness, and must not simply rubber-stamp them as approved.

## A

First, the Joint Motion and Snook's complaint reflect that the parties did have a *bona fide* FLSA dispute. Significantly, there was a good-faith disagreement as to whether Defendant had paid Snook for all hours she worked (including overtime pay). Likewise, there appeared to be a *bona fide* factual dispute as to the FLSA retaliation claim, specifically on the question of whether Defendant terminated Snook's employment in retaliation for complaining about alleged FLSA

violations. Thus, the Court is satisfied that Snook's FLSA claims were actually and reasonably in dispute.

**B**

Against this backdrop of litigation uncertainty, the parties negotiated a compromise settlement that would resolve Snook's claims against Defendant in their entirety. Specifically, this proposed settlement contemplates that Defendant would pay Snook a lump-sum amount of $60,000.00, in exchange for which Snook would dismiss with prejudice this lawsuit and would execute a broad release of all claims arising out of or connected with Snook's employment with Defendant.

In determining the reasonableness of the payment to Snook, substantial weight is afforded to the parties' representation that Snook's "double damages for the full three years is approximately $21,000.00." Joint Mot. Dismiss ¶ 5(b). Because Snook's FLSA claim is effectively being paid in full, the Court has no reservations about accepting that aspect of the settlement agreement as fair and reasonable.

**III**

Based upon these findings, the Court finds that *bona fide* dispute existed as to whether Defendant violated the FLSA. This case and the negotiations that resulted in a settlement were held at arms' length with all parties being represented by experienced and reputable counsel. Thus, based on the evidence before it, the Court finds that the parties' settlement is a fair and reasonable compromise of a *bona fide* dispute, which takes into account each party's interests, benefits, and rights pursuant to the framework set out in *Lynn's Foods*, 679 F.2d at 1354-55.

Accordingly, it is **ORDERED** that the parties' Joint Motion to Dismiss and Approve Settlement (ECF No. 16) is **GRANTED**.

It is further **ORDERED** that the parties' Settlement Agreement (ECF No. 20) is **APPROVED**.

It is further **ORDERED** that this case is **DISMISSED WITH PREJUDICE**. This is a final Order and closes the case.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: January 12, 2015

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 12, 2015.

s/Tracy A. Jacobs
TRACY A. JACOBS